# United States Bankruptcy Court
## Southern District of New York

In re

LAVERNE LEONARD
dba LML REALTY, LLC

Bankruptcy
Case No. 19-12337

Debtor(s)

LAVERNE LEONARD
AKA LAVERNE M. LEONARD

Plaintiff(s)

HSBC BANK USA, NATIONAL ASSOCIATION

WELLS FARGO BANK, NATIONAL ASSOCIATION

WELL FARGO HOME MORTGAGE

Adversary
Proceeding No.

Defendant(s)

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days, to:

**United States Bankruptcy Court, Southern District of New York**
**One Bowling Green**
**New York, New York 10004-1408**

Page 1 of 2

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney: |
| --- |
| BRITTANY J. MAXON, ESQ<br>ATTORNEY AT LAW<br>WOODS OVAITT GILMAN, LLP<br>ROCHESTER, NEW YORK 14604<br>TELEPHONE: 855-227-5072<br>EMAIL: BKINBOX@WOODSOVIATT.COM |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

| United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004-1408 | Room: |
| --- | --- |
| | Date and Time: |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

/s/ _____

*Clerk of the Bankruptcy Court*

_____          By:   /s/ _____

*Date*                                                        *Deputy Clerk*

Page 2 of 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

HON. CECELIA G. MORRIS          CASE No. 19-12337-cgm

                                Related Cases: 20-CV-1558 & 20-CV-1518

LAVERNE LEONARD,
          PLAINTIFF

VS.
HSBC BANK USA, NATIONAL ASSOCIATION

& WELLS FARGO BANK, N.A. &

WELLS FARGO HOME MORTGAGE
                    DEFENDANTS

## <u>ADVERSARY COMPLAINT</u>

A. THE DEFENDANT RECEIVED THE QWR (Qualified Written Request) ON AUGUST 5, 2019.  DEFENDANT FAILED TO PROVIDE THE REQUESTED INFORMATION AS REQUIRED BY LAW.

B. THE DEFENDANT FILED AN ***INACCURATE*** AND ***FRAUDULENT*** PROOF OF CLAIM #2 ON AUGUST 27, 2019 CASE No. 19-12337.

C. THE DEFENDANT FILED ***ALTERED*** AND ***FRAUDULENT*** LEGAL DOCUMENTS AND OTHER MISREPRESENTATIONS IN COURT.

D. THE DEFENDANT FILED A <u>FRAUDULENT STALE CLAIM</u> THAT VIOLATE THE *<u>FAIR DEBT COLLECTION PRACTICES ACT</u>*, 91 Stat.874, 15 U.S.C section 1692 et seq., prohibits a debt collector from asserting any "false, deceptive, or misleading representation," or using any "Unfair or unconscionable means" to collect or attempt to collect, a debt section 1692e, 1692f.

E. PLAINTIFF ***NEVER*** INITIATED A LOAN OR PAYBACK TO HSBC BANK USA, WELLS FARGO BANK, N.A. NOR WELLS FARGO HOME MORTGAGE.

F. THIS DEBT WAS FILED BY A DEBT BUYER THAT HAD **<u>NO</u>** CONTRACTURAL OBLIGATION WITH ME.

2

# TABLE OF CONTENTS

1. QWR (QUALIFIED WRITTEN REQUEST) --------------------------------------Page 3-4

2. PROOF OF CLAIM (#2) --------------------------------------------------------Page 5-6

3. ALTERED FILED LEGAL DOCUMENTS -------------------------------------Page 7-8
   A. CASE 19-01369, DOCKET # 28, JANUARY 14, 2020 AND JANUARY 24, 2020,
      DOCKET #35.
   B. CASE 19-12337 DOCKET # 62 JANUARY 16, 2020

4. BAD SERVICE/NON- SERVICE OF LEGAL DOCUMENTS-----------------Page 9
   A. CASE 19-01369 DOCKET # 8, NOVEMBER 20, 2019.

5. SIGNATURE FORGERY-------------------------------------------------------Page 10

6. FRAUDULENT ASSIGNMENT OF MORTGAGE-------------------------------Page 11-13
   A. STERLING EMPIRE FUNDING ASSOCIATES
   B. STEVEN J. BAUM, THE BAUM FIRM AND PILLAR PROCESSING, LLC
      GOVERNMENT INVESTIGATIONS/SETTLEMENT AGREEMENT WITH
      NYS AG'S OFFICE AND US ATTORNEYS OFFICE, SDNY
   C. ELPINIKI BECHAKAS
   D. TRUSTEE ("ASSIGNEE") ADDRESS

7. FICTICIOUS ENTITY (ASSIGNEE - ASSIGNMENT OF MORTGAGE) -----Page 14-16

8. WELLS FARGO BANK ILLEGAL ASSIGNMENT of MORTGAGES 2014----Page 17

9. FRAUDULENT ACCOUNT / LOAN NUMBERS--------------------------------Page 18-19

10. HSBC and WELLS FARGO BANK, N.A. MISREPRESENTATION-------------Page 20

11. JUDICIAL ABUSE AND FALSE FILINGS ------------------------------------ Page 21

12. FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S. CODE SECTION
    1692 et. Seq. VIOLATIONS --------------------------------------------------Page 22-23

13. CONCLUSION-------------------------------------------------------------------Page 23-24

CASE NO. 19-12337 ADVERSARY COMPLAINT

## QUALIFIED WRITTEN REQUEST

A QWR dated July 27, 2019 was sent to the Defendant.  According to 12 CFR Section 1024.36

Well's Faro Bank identified themselves as the "servicer" of the account in a letter dated August 15, 2019. As servicer,

(A) Information request: A servicer shall comply with the requirement of this section for any written request for information from a borrower that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and states the information the borrower is requesting with respect to the borrower's mortgage loan.

(d)(i) Accordingly, the servicer is supposed to provide identity contact information, including telephone number for further assistance.  The servicer must comply with these requirements not later than 10 days after the servicer receives an information for the identity of and addresses or other relevant contact information for the owner or assignee of a mortgage loan.

(B) For all other Request for information, no later than 30 days after the servicer receives the information request.


Wells Fargo Home Mortgage received the QWR on AUGUST 5, 2019. The response to my QWR had *incomplete, and or scrambled information* listed for the mortgage.  Wells Fargo Home Mortgage response letter **DID NOT** list a telephone number for the Assignee of the mortgage. The address listed on the response letter was scrambled as well.   When I researched the number for this address (452 Fifth Avenue, New York ST NY ZIP 10018) listed in Wells Fargo Home Mortgage letter dated AUGUST 15, 2019. I proceeded to call the Defendant HSBC BANK USA, N.A., and they were not able to find a loan for me under my address, full name nor under my social security number.  Defendant Wells Fargo Bank, N.A. subsequently filed a proof of claim (2) on AUGUST 27, 2019, docket #11 Case 19-12337.

Please ***"FICTICIOUS ENTITY"*** (ASSIGNEE) *Page 14-16.*


Wells Fargo Home Mortgage sent another letter dated SEPTEMBER 17, 2019 in response to my QWR stating "it was our goal to respond with our results by September 17, 2019.  We now expect to complete our work by October 1, 2019."

Then in response to the QWR, Wells Fargo Home Mortgage send another letter dated SEPTEMBER 19, 2019 Where they state

"As the date of this letter, your account is currently due for your March 1, 2008, payment in the amount of $8,633.10.  We're unable to provide any further information because your remaining requests are *too broad*."


CASE NO. 19-12337 ADVERSARY COMPLAINT

20-01193-cgm  Doc 1  Filed 07/07/20  Entered 07/07/20 10:53:44  Main Document
Pg 6 of 26

Accordingly, A servicer may <u>not</u> extend the time period for Request for Information governed by 12 CFR Section 1024.36 (d)(2)(i).

Wells Fargo Home Mortgage received the QWR on AUGUST 5, 2019. Wells Fargo Home Mortgage (Defendant) response or lack thereof on SEPTEMBER 17 AND SEPTEMBER 19, 2019, extension to OCTOBER 1, 2019 extends past the <u>30-day</u> requirement to provide information for the mortgage account and the DEFENDANT (Wells Fargo Home Mortgage) failed to provide <u>all</u> the information in response to QWR.

The Defendant VIOLATED the amendments of the Consumer Financial Protection Bureau, Title X of Dodd-Frank Act, Regulation Z, and 12 U.S.C section 6 of the Real Estate Settlement Procedures Act (2605, 15 U.S.C section 1641 of the Truth in Lending Act, section 1641(f) through (g).

**PLEASE SEE EXHIBIT 1**.

## PROOF OF CLAIM (#2)

The Defendant (Wells Fargo Bank, N.A) filed a proof of claim on AUGUST 27, 2019 Docket #11. **PLAINTIFF NEVER** initiated a loan or a made a mortgage payment to HSBC, Wells Fargo Bank nor Wells Fargo Home Mortgage. **PLANTIFF NEVER** entered into any financial agreement to pay back a loan to HSBC, Wells Fargo Bank, N.A. nor Wells Fargo Home Mortgage. The Plaintiff was duped into believing by her foreclosure attorneys that money was owed to the Defendant. Plaintiff acted on that information and tried to negotiate a settlement. Please see related Case No. 20-cv-1518 and 20-cv-1558.

The supporting documents the Defendant (HSBC & Wells Fargo Bank, N.A.) attached to the proof of claim DOES NOT reflect a 1. debt obligation and 2. The documents involve **INACCURATE** information and **FRAUD**. Please see proof of **FRAUD** in section entitled Assignment of Mortgage on *Page 11-13* in this complaint.

The proof of claim **DOES NOT** provide a debt obligation with respect to the Plaintiff. A copy of the Assignment of Mortgage Page the Defendant filed on AUGUST 27, 2019, docket # 11 states above my address.

### "THIS SAID MORTGAGE HAS <u>NOT</u> BEEN OTHERWISE ASSIGNED"

The debt the Defendant claims they are entitled to due to an Assignment of Mortgage **DOES NOT** obligate the Plaintiff, since Defendants own evidence indicates that a mortgage on the Plaintiff's property had <u>NOT</u> been assigned to HSBC.

Since the claim (proof of claim) is baseless and NOT secured by my property, and the Defendant filed a proof of claim based on false information. Then that would mean that the proof of claim is **FRAUDULENT** and should be **DISALLOWED**. The Defendant should NOT be entitled to any proceeds as a result of the bankruptcy proceedings.

Also filed with the proof of claim on AUGUST 27, 2019 Docket # 11 is a **POWER OF ATTORNEY**. The power of attorney page states,

"HSBC BANK USA, NATIONAL ASSOCIATION, a national banking association organized and existing under the laws of the United States, having an office located at *452 Fifth Avenue, New York, New York 10018* (hereinafter called "Trustee") hereby appoints Wells Fargo Bank, National Association."

The Assignment of Mortgage filed on AUGUST 27, 2019 list a different address for the Trustee HSBC Bank, USA as 1. **2929 Walden Avenue, Depew, NY 14043**. The Assignment of Mortgage <u>DOES NOT</u> list the office location for the Trustee as *452 Fifth Avenue, New York, New York 10018*.

The foreclosure action for which the Defendant is pursuing in the Bankruptcy proceeding by means of a proof of claim list a different address *NOT* as *452 Fifth Avenue, New York, New York 10018*. On DECEMBER 3, 2019 Docket #42, the Defendant (Wells Fargo Bank, N.A.) filed a copy of the SUMMONS with a principle business address listed **P.O Box 9039 Temecula, California 92589.**

CASE NO. 19-12337 ADVERSARY COMPLAINT

Please see pages _51_, exhibit 2.  Before that the Defendant used address **3476 Stateview Boulevard, Ft. Mills, SC 29715** as a business address in pursuit of this claim.  Please see page _58_, exhibit 2.

The addressed (2929 Walden Avenue, Depew, NY 14043) as listed on the Assignment of Mortgage, "ASSIGNEE" filed by the Defendant on AUGUST 27, 2019 Docket #11 was also an addressed used by the DEFENDANT in another FRAUDULENT foreclosure case that was dismissed in October 29, 2009.  Please see Case 1:10-cv-03800, page 10, # 92 in Exhibit 2 page _67._

The POWER OF ATTONREY date May 9, 2019 **DOES NOT** encompass the name of the entity listed on the Foreclosure action nor the entity listed on the proof of claim.  Rather it is a general statement of Power of Attorney from HSBC BANK USA, National Association as "Trustee".  The Defendant (Wells Fargo Bank, N.A.) is using information with the Bankruptcy court on a legitimate entity to collect proceeds on an ***ILLEGITIMATE*** entity setup to foreclose on my property.

Defendants proof of claim (2) filed on AUGUST 27, 2019 is FRAUDULENT since the entity listed as "Secured Creditor" **DOES NOT EXIST**.  Please see section ***FICTICIOUS ENTITY*** in this complaint.

**PLEASE SEE EXHIBIT 2**.

## ALTERED LEGAL DOCUMENT FILINGS

A. In the document entitled **OBJECTION TO AND MOTION TO QUASH SUBPOENA**, Case # 19-01369 Docket # 28, 35 filed on JANUARY 14, 2020, and Case # 19-12337 Docket # 62 filed JANUARY 16, 2020 reflects a pattern of **FALSE** filings by the Defendant (Wells Fargo Bank, N.A.)whereby they block out and or removed pertinent information after filing it as a UNALTERED document within the same docket number.

### EXAMPLES

1. Page **84** in exhibit 3 was **ALTERED** from page **42** in exhibit 2.  Page **84** reflects a new stamp dated JANUARY 20, 2017 was **CHANGED** from page **42** filed on AUGUST 27, 2019.  The date of January 20, 2017 on the stamp was **added** to the legal document **AFTER** AUGUST 27, 2019, docket #11 proof of claim filing.

2. Page **85** in exhibit 3 was **ALTERED** from page **87** in exhibit 3.
3. Page **86** in exhibit 3 was **ALTERED** from page **88** in exhibit 3.
4. Page **89** in exhibit 3 was **ALTERED** from page **96** in exhibit 3.

B. In the document entitled **OBJECTION TO CONFIRMATION**, Case # 19-12337, Docket # 47 filed DECEMBER 4, 2019 reflects a pattern of **FALSE** filings by the Defendant (Wells Fargo Bank, N.A.) whereby they block out and or removed pertinent information after filing it as a UNALTERED document within the same docket number.

### EXAMPLES

1. Page **93** in exhibit 3 was ALTERED from page **42** in Exhibit 2.

Page **93** stamped JANUARY 20, 2017 was **CHANGED** from page **42** in exhibit 2 and the stamp and the date was added and **ALTERED** added **AFTER** the Defendant filed a proof of claim on AUGUST 27, 2019.

2. Page **94** in exhibit 3 was **ALTERED** from page **97** in exhibit 3.
3. Page **95** in exhibit 3 was **ALTERED** from page **98** in exhibit 3.
4. Page **96** in exhibit 3 was **ALTERED** from page **99** in exhibit 3.
5.
C. In the document entitled **RESPONSE TO OBJECTION TO CLAIM**, Case # 19-12337, Docket # 42 filed DECEMBER 3, 2019 reflects a pattern of **FALSE** filings by the Defendant (Wells Fargo Bank, N.A.) whereby they block out and or removed pertinent information after filing it as a UNALTERED document within the same docket number.

CASE NO. 19-12337 ADVERSARY COMPLAINT

### EXAMPLES

1. Page **103** in exhibit 3 was **ALTERED** from page **42** in exhibit 2.

   The page stamped with the date JANUARY 20, 2017 was added **AFTER** the Defendant filed an **UNALTERED VERSION** in the proof of claim on AUGUST 27, 2019.

2. Page **104** in exhibit 3 was **ALTERED** from page **107** in exhibit 3.
3. Page **106** in exhibit 3 was **ALTERED** from page **108** in exhibit 3.
4. Page **105** in exhibit 3 was **ALTERED** from page **109** in exhibit 3.


D.   In the document entitled **NOTICE OF APPEARANCE /PROOF OF CLAIM,** Case # 19-12337, Dockets # 11 filed AUGUST 27, 2019. The latter appears to be the starting date the Defendant (Wells Fargo Bank, N.A.) started to INTENTIONALLY file **FALSE and ALTERED information** into the Bankruptcy proceedings.

### EXAMPLE

The Assignment of Mortgage page **117** shown in exhibit 3 is **FRAUDULENT** and the Defendant **INTENTIONALLY** filed this document into the Bankruptcy Proceedings on AUGUST 27, 2019 page **117**, DECEMBER 3, 2019 page **105** and **109**, DECEMBER 4, 2019 page **96** and **99**.  JANUARY 14, 2020 and JANUARY 16, 2020 page **89**.


**PLEASE SEE EXHBIT 3.**

## BAD SERVICE
## NON-SERVICE OF LEGAL DOCUMENTS

On NOVEMBER 20, 2019 Docket # 8 Case No. 19-01369 **AMENDED MOTION TO DISMISS ADVERSARY PROCEEDING AMENDED NOTICE OF MOTION.** The Defendant (Wells Fargo Bank, N.A.) **FAILED** to **SERVE** the Plaintiff the AMENDMENT, and the Plaintiff **DID NOT** receive the AMENDMENT.

The Docket sheet **DOES NOT** reflect that the Defendant filed with the court an affidavit of service nor a certificate of mailing.

The Defendant was granted their motion to dismiss on February 11, 2020 docket # 41.

**PLEASE SEE EXHIBIT 4**

## FORGERY OF SIGNATURE

The Defendant (Wells Fargo Bank, N.A.) REPEATEDLY and **INTENTIONALLY** filed a document that was a **FORGERY** of my **SIGNATURE**.

The document was filed by the Defendant in the Bankruptcy court FOUR-FIVE different times within Case # 19-12337 and 19-01369.

1. RESPONSE TO OBJECTION TO CLAIM
   Docket # 42, filed DECEMBER 3, 2019 in Case # 19-12337

2. OBJECTION TO CONFIRMATION
   Docket #47 filed DECEMBER 4, 2019 in Case # 19-12337

3. MOTION TO EXPUNGE DOCUMENT
   Docket #28 filed JANUARY 14, 2020 in Case # 19-01369

4. MOTION TO QUASH A SUBPOENA
   Docket # 62 filed on JANUARY 16, 2020 in Case # 19-12337
   The documents filed on JANUARY 16, 2020 were likely the same document
   Filed on JANUARY 14, 2020 Docket #28 in Case # 19-01369.
   Plaintiff **DID NOT** get what is assumed to be a duplicate file. Of JANUARY 16, 2020 filing Docket # 62.

5. MOTION TO QUASH A SUBPOENA
   Docket # 35 filed on JANUARY 24, 2020 in Case # 19-01369.
   The documents filed on JANUARY 24, 2020 were likely the same document
   Filed on JANUARY 14, 2020 Docket #28 in Case # 19-01369 and JANUARY 16, 2020 Docket #62 in Case # 19-12337.
   Plaintiff **DID NOT** get file dated JANUARY 24, 2020 and is assumed to be a duplicate file of Defendants filing on JANUARY 14, 2020 Docket # 28 Case # 19-12337.

6. ACRIS.GOV WEBSITE
   Defendants filed a **forgery of my signature** was published on the Acris.gov website in 2006/7.

CASE NO. 19-12337 ADVERSARY COMPLAINT

**PLEASE SEE EXHIBIT 5**

**FRAUDULANT ASSIGNMENT OF MORTGAGE**

The Defendant re-used in the Bankruptcy proceeding attached to their proof of claim a **FRAUDULENT** document created by the **BAUM FIRM** and his foreclosure processing company **PILLAR PROCESSING, LLC**.   Also involved with the Assignment of Mortgage is another attorney employed by the Baum Firm, named **Elpiniki Bechakas**.

All three involved in the Assignment of Mortgage are well known in the courts system and was subjected to governmental investigations for FRAUDULENT foreclosure practices and **ATTORNEY MISCONDUCT**.   Elpiniki Bechakas misrepresented herself in numerous foreclosure cases as a Vice President and Assistant Secretary of MERS on Assignment of Mortgages. Ms. Bechakas was **NEVER** employed by MERS. She also failed to disclose to the court that she was an employee with the Baum Firm, creating a CONFLICT OF INTEREST as it pertains to legal representation.

Also Fraudulent is the information listed as "Assignor" **STERLING EMPIRE FUNDING ASSOCIATES, LTD.** STERLING EMPIRE FUNDING ASSOCIATES, LTD, **DID NOT** have an address in *Florida* (3300 SW 34th Avenue Suite 101, Ocala, FL 34474) in 2008.  STERLING, according to the Defendants (Wells Fargo Bank, N.A.) court filing of a copy of a mortgage and note on AUGUST 27, 2019, Docket #11. Sterling maintained a business address at **2307 EASTCHESTER ROAD, BRONX, NY 10469** in 2007.

The **FALSE FLORIDA** address/ information listed for **STERLING** on the Assignment of Mortgage was created by the **BAUM FIRM**.  It is within this same filing (August 27, 2019, docket #11) the Defendant filed additional evidence of the company involved with the Assignment of Mortgage as **PILLAR PROCESSING, LLC. PILLAR PROCESSING, LLC** which stamp/seal also appears on the lower right corner of the Assignment of Mortgage.  The company (Pillar Process, LLC) was created by Steven J. Baum, Esq to process his numerous foreclosure action.  The company (Pillar Processing, LLC) was also the subject of a governmental investigation along with the Baum Firm.

**STERLING EMPIRE FUNDING ASSOCIATES, LTD** as listed on a copy of the note, and a copy of the mortgage filed by the Defendant on AUGUST 27, 2019, Docket #11 with an address as **2307 EASTCHESTER ROAD, BRONX, NEW YORK 10469, "A NEW YORK CORPORATION."** However, the Assignment of Mortgage gives Sterling Empire Funding Associates, Ltd an unknown **FLORIDA** address.  This fact contradicts with Defendants (Wells Fargo Bank, N.A.) other filings.  This type of discrepancy is consistent with the Baum Firms other foreclosure actions that were

eventually dismissed in court. **STERLING EMPIRE FUNDING ASSOCIATES, LTD** was/is listed at the address, **2307 EASTCHESTER ROAD, BRONX, NEW YORK 10469** from at the very least 2007 until January 6, 2020.

Also, on the Assignment of Mortgage filed by the Defendant stands the fact that the entity listed as **"Assignee"** is a **Fictitious Company**. A transfer of a mortgage **CANNOT** legally take place TO an entity that **DOES NOT** exist. Except on paper with a principle place of business being a **P. O. Box 9039, Temecula, California 92589** according to a copy of the foreclosure action the Defendant filed on August 27, 2019, docket #11. This is another discrepancy consistent with the one who created the Assignment of Mortgage, the **BAUM FIRM**.

The Defendant (HSBC Bank USA, N.A. & Wells Fargo Bank, N.A.) fed the court information such as on the POWER OF ATTORNEY, which was a general form, **NOT** specific to the entity on the Assignment of Mortgage and **NOT** listed on the POA. The Defendant knows the entity on the **Assignment of Mortgage** was crafted to **RESEMBLE** the legitimate entity Wells Fargo Bank, N.A. services starting it appears since 2007. In the year 2008, the Defendant filed a Foreclosure action, and before that case could be discontinued and filed on May 2010, the Defendant started another Foreclosure action in January 2010. The Defendant filed **TWO SIMULTANEOUS** foreclosure actions using the same fraudulent Assignment of Mortgage. The entity on the Assignment of Mortgage is a **FICTICIOUS ENTITY**.

Please see more information entitled **"*FICTICIOUS ENTITY*"** in this complaint.

Also, the most important detail is the Assignment of Mortgage states that a recorded mortgage on my property was **NOT** assigned to HSBC BANK USA. It states above my property address,

> **"This said mortgage has not been otherwise assigned."**

Also lacking on the Assignment of Mortgage is the fact that the document is silent on the note. A mortgage and a note must be assigned for the assignment to be valid.

Despite the above obvious details printed on the Assignment of Mortgage. The Defendants own evidence states that the mortgage was **NOT** assigned to the entity listed as **"Assignee"** and the Defendants (HSBC and WFB) still pursued me for 12 years in court in a **FRAUDULENT** foreclosure action and in the Bankruptcy proceeding Case No. 19-12337.

Also lacking on the Assignment of Mortgage is the fact that the document is **SILENT** on the assignment of the note which must be assigned together to be legal in NYS.

CASE NO. 19-12337 ADVERSARY COMPLAINT

20-01193-cgm   Doc 1   Filed 07/07/20   Entered 07/07/20 10:53:44   Main Document   Pg 15 of 26

The Trustee's address listed on the **Assignment of Mortgage** is another detail consistent with its creator **(BAUM FIRM)**. The Assignment of Mortgage evidence list the **"ASSIGNEE"** address as **2929 Walden Avenue, Depew, NY 14043**. HSBC **never** had an office at this address and is different from the information the Defendant filed in court on the POWER OF ATTORNEY.   The address on the POA is *452 Fifth Avenue, New York, New York 10018*.   The latter address was created by the Baum Firm and that address (2929 Walden Avenue, Depew, NY 14043) appears to have been a location near **Mr. Baum** according to court records **10-cv-03800-JBW filed 09/28/10 Page 9, # 75.**


**PLEASE SEE EXHIBIT 6**

## <u>FICTICIOUS ENTITY</u>

### "ASSIGNEE"
### ASSIGNMENT OF MORTGAGE

The Defendants (HSBC and WFB) deceitfully filed information to mislead the court as to the legitimacy of the claim. The Defendant (Wells Fargo Bank, N.A.) is listed on the Securities and Exchange Commission online prospectus as "servicer" since 2007 for an entity named,

1. NOMURA ASSET ACCEPTANCE CORPORATION, ***ALTERNATIVE LOAN TRUST***, SERIES 2007-1, MORTGAGE PASS-THROUGH CERTIFICATES.

The Defendants (HSBC and WFB) Assignment of Mortgage and proof of claim (2), Case No. 19-12337 was filed under the name,

HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE
2. NOMURA ASSET ACCEPTANCE CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1.

Entity number two (2) **RESEMBLES** entity number one (1), but it is **NOT** the same entity. Entity number two dropped "ALTERNATIVE LOAN TRUST" from its entity name, so that it could RESEMBLE a legitimate entity posted on the SEC.gov website, with an address of ***452 Fifth Avenue, New York, New York 10018.*** Entity number two (2) was setup by the Defendants in two **SIMULTANEOUS** foreclosure actions and reap the proceeds by **MISLEADING** the court into thinking that this entity (2) was a legitimate foreclosure action based on a real entity, <u>BUT IT IS NOT.</u> Entity number two (2) is a **FICTICIOUS** entity created by the **BAUM FIRM** who committed **FRAUD** in a large quantity.

The Assignment of Mortgage filed by the Defendant on AUGUST 27, 2019, Docket #11 **DOES NOT** list the same address as on the POWER OF ATTORNEY, but rather
<u>**1.**</u> 2929 Walden Avenue, Depew, NY 14043. And the Foreclosure action (Index 109372/08 & 810093/10) list the business address as
<u>**2.**</u> P.O. Box 9039, Temecula, California 92589. In the foreclosure action Index 109372/08, the address for the **"ASSIGNEE"** or entity number two (2) is
<u>**3.**</u> 3476 Stateview Boulevard, Ft Mills, SC 29715.

When the Defendant filed a **POWER OF ATTORNEY** with the court on AUGUST 27, 2019 docket #11 and listing the address of <u>452 Fifth Avenue, New York, New York 10018</u>. That address applied to entity number one (1). Not to the entity listed on the proof of claim (2). Further proof of Defendants **DECEPTION** is a lawsuit in 2014 <u>13 Civ.3138 (JPO)</u>, where entity number one (1) is mentioned as the Plaintiff, Wells Fargo as servicer and the **"ALTERNATIVE LOAN TRUST"** was **<u>not</u>** dropped by the Defendant and remains in its place as the **REAL** entity is listed on the SEC.gov website.

20-01193-cgm    Doc 1    Filed 07/07/20    Entered 07/07/20 10:53:44    Main Document
Pg 17 of 26

The entities listed on the foreclosure actions Index # 109372/08 and 810093/10, and on the proof of claim (2), no information was located as to it being a valid entity that could be assigned anything in July 2008.   The **Department of Finance Services** had <u>NO</u> information and the **Securities and Exchange Commission** have yet to supply information on these entities.   Please see correspondence from the <u>Department of Finance</u> and the <u>Securities and Exchange Commission</u> email in exhibit 7.

The Defendant (Wells Fargo Bank, N.A.) who identified themselves as a the account ***"servicer for your account which is assigned to NAAC 2007-1"***, in a letter dated **AUGUST 15, 2019** this statement was **DECEPTIVE**, referring to entity number one (1) and **NOT** entity number two (2), which is the entities listed on the Assignment of Mortgage and proof of claim.   The SEC.gov website *Prospectus Supplement dated May 10, 2007 to Prospectus dated November 17, 2006 (page 1 of 376)* identifies the Defendant, Wells Fargo Bank, N.A. as Servicers for entity number one (1). According to the U.S. Securities and Exchange Commission pages 1-2, there is **ONLY** one entity for **NAAC 2007-1**, and that is in reference to entity number one (1).  Entity number two (2) on the proof of claim filed AUGUST 27, 2019, Docket #11, the Assignment of Mortgage, and Foreclosure action Index 810093/2010 is **NOT** on the SEC.gov website and **DOES NOT EXIST**. Please see list of Nomura entities attached hereto.

Therefore, a mortgage could **NOT** have been assigned to Defendant HSBC Bank on JULY 3, 2008 as per the Defendants fraudulent proof of claim and Assignment of Mortgage filed with the court on AUGUST 27, 2019.  **BECAUSE THE ENTITY DOES NOT EXIST**.

**The proof of claim is FRAUDULENT.**  The proof of claim registers entity number two (2) as the "Secured Creditor", when the entity listed on the proof of claim **DOES NOT EXIST**.  Since entity number two (2) listed on the proof of claim **DOES NOT EXIST,** and the Securities and Exchange Commission website, have <u>no</u> record of entity number 2 on their website.  It is <u>NOT</u> possible for the Defendant Wells Fargo Bank, N.A to be *"servicer"* or <u>"servicer for your account"</u> of an entity number two (2), that simply **DOES NOT EXIST**.   A mortgage could **NOT** have been assigned to the Defendant HSBC Bank USA on JULY 3, 2008 as per the Assignment of Mortgage, because the **"ASSIGNEE"** entity number two (2) **DOES NOT EXIST**.

Defendant (HSBC Bank & Wells Fargo Bank, N.A.) legal representatives (Wood Oviatt Gilman, LL) participated in this scheme when they filed a letter dated **DECEMBER 9, 2019, docket #17,** addressed to the **HONORABLE CECILIA G. MORRIS** stating **"The Secured  Creditor,** Wells Fargo Bank, N.A. as servicing agent for HSBC Bank USA, National Association as Trustee for *Nomura Asset AcceptanceCorporation, Mortgage Pass-Through Certificates, Series 2007-1.* The latter entity mentioned in this letter, **DOES NOT EXIST** and is **NOT** reflected on the SEC.gov website as it pertains to Asset-Back Securities.   The Defendant tried to **MISLEAD** the court each time they filed **FALSE** and or **FRAUDULENT** documents in the Bankruptcy proceedings, Case # 19-12337 and 19-01369.

The Defendant Wells Fargo Bank, N.A. **KNOWING THE ENTITY ON THE PROOF OF CLAIM WAS FICTICIOUS**, **DID NOT** provide me with information on entity number two (2), listed on the foreclosure action and the proof of claim when I requested information in the **Qualified Written Request** dated July 27, 2019, although Wells Fargo Bank, N.A. identified themselves as servicer, and as such were legally required to answer the Qualified Written Request.

The Defendant Wells Fargo Home Mortgage Wells Fargo Bank, N.A., who identified themselves as **"servicer for you account"** in a letter dated **AUGUST 15, 2019** said that my **"request are too broad"** in a letter dated **SEPTEMBER 19, 2019**.  The Defendant (Wells Fargo Bank, N.A.) also **DID NOT** provide the following information that they reference in the September 19, 2019 letter that they said they would continue to research.

1. Note holder information
2. Current status of the loan
3. Account history
4. Request for Validation
5. Request for a payoff quote
6. Third party authorization
7. Additional information
8. Income information
9. Origination and disclosures

Because the entity listed on the proof of claim (2) **DOES NOT EXIST**.  The Defendant **INTENTIONALLY WITHHELD** the above basic information to their proof of claim filed on AUGUST 27, 2019, Docket #11, Case No. 19-12337.

**PLEASE SEE EXHIBIT 7**

# WELLS FARGO BANK, N.A
## ILLEGAL ASSIGNMENT OF MORTGAGE TRANSFERS 2014

The <u>POWER OF ATTORNEY</u> filed by the Defendant (Wells Fargo Bank, N.A.) list the address 452 Fifth Avenue, New York, New York 10018. The latter is the legitimate entity that they are shown as servicer according to the online prospectus on the SEC.gov website.

As for the entity the Defendant failed to provide information, that the **Department of Finance has** <u>NO</u> information and the **Securities and Exchange Commission** have yet to answer due to a possible investigation. There are three other addresses on filed documents attached to Defendants proof of claim that differ from the address on the **POWER OF ATTORNEY**. They are,

1. 2929 Walden Avenue, Depew, NY 14043 on the <u>Assignment of Mortgage</u>.

2. P.O. Box 9039, Temecula, California 92589 on the <u>Foreclosure action</u> (Index 810093/10).

3. 3476 Stateview Boulevard, Ft Mills, SC 29715 on the <u>Foreclosure action</u> Index 109372/08.

4. 636 GRAND REGENCY BLVD, BRANDON, FL 33510

According the documents attached to the proof of claim (2) filed on AUGUST 27, 2019. The Defendant Wells Fargo Home Mortgage *recording requested* by Wells Fargo Bank, N.A. filed two Assignment of Mortgage on **February 24, 2014**. The Defendant Wells Fargo Home Mortgage Illegally Assigned a mortgage on the property with a different address (636 Grand Regency Blvd, Brandon, FL 33510). The information on the court document says, **"CORRECTIVE ASSIGNMENT OF MORTGAGE" entitled "Record First."** Further it states, "The Corrective Assignment of Mortgage is being recorded to <u>correct the assignors address</u> of assignment executed 07/03/2008, recorded 07/28/08 as instrument No. 2008000297203".

The Assignment of Mortgage created by the **BAUM FIRM**, executed on July 3, 2008 was **FRAUDULENT** and according to this document it says about my property, **"THIS SAID MORTGAGE HAS NOT BEEN OTHERWISE ASSIGNED."**

The Defendant, Wells Fargo Home Mortgage, requested by Wells Fargo Bank, N.A. had <u>NO</u> right to process a Corrective Assignment of Mortgage since the mortgage was **NEVER** effectively assigned (July 3, 2008) in the first place, and it **DID NOT** belong to HSBC Bank USA, N.A., Wells Fargo Bank, N.A. nor to Wells Fargo Home Mortgage to assign.

The **ENTITY** listed on the Assignment of Mortgage dated JULY 3, 2008, on the **CORRECTIVE ASSIGNMENT OF MORTGAGE** dated February 12, 2014 (Record First) and the **CORPORATE ASSIGNMENT OF MORTGAGE** dated February 12, 2014 (Record Second) are entirely **FALSE** because the entity listed is **FICTICIOUS**. Please see section "<u>fictitious Entity</u>" in this complaint.

### PLEASE SEE EXHIBIT 8

CASE NO. 19-12337 ADVERSARY COMPLAINT

# FRAUDULANT ACCOUNT/LOAN NUMBERS

The Defendants (HSBC Bank USA and Wells Fargo Bank, N.A.) filed a proof of claim on AUGUST 27, 2019 docket #11, Case No. 19-12337. There were several documents enclosed that had pertinent information **blackout** out of the document. Particularly loan and or account numbers. This information could aid prove or disprove the Defendants claim. Later filings revealed *various* account loan numbers that the Defendant attempted to conceal from the court.

The Loan numbers that were **blackout**, removed or later revealed are,

1. 1256041240-106 (Assignment of Mortgage)
2. 1001022-9903728000-8 (Copy of Mortgage and Copy of Note)
3. 99-037280000 (Copy of Mortgage and Copy of the Note)
4. 0534630579 (Proof of Claim)

The proof of claim (2) filed AUGUST 27, 2019, docket #11 references account loan number 4 (0534630579). However, the Defendant (Wells Fargo Home Mortgage and Wells Fargo Bank, N.A). assigned a mortgage on FEBRUARY 12, 2014 in account number 2 (1001022-9903728000-8) listed as CORRECTIVE ASSIGNMENT OF MORTGAGE (Record First) that they first **blackout** of the legal document.

This was a FRAUDULENT transaction and was an attempt on the part of the Defendants (Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage) to try to connect this fraudulent foreclosure action (Index 810093/2010) to a legitimate company by use of this loan number in a Assignment of Mortgage in 2014. The Defendants attempted this because the "Assignee" listed on this document, entitled "CORRECTIVE ASSIGNMENT OF MORTGAGE" is a **FICTICIOUS ENTITY**, and simply **DOES NOT EXIST.** This **FICTICIOUS** entity on the **2014** Assignment of Mortgage was setup to **RESEMBLE** the real entity in order to foreclose on my property.

This account/loan number **1001022-9903728000-8** shows inactive on the MERS website, and the Investor appears as **NOMURA CREDIT CAPITAL INC**, and **NOT** *NOMURA ASSET ACCEPTANCE CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007*-1 as listed on the proof of claim.

Wells Fargo Bank, N.A. (Defendant) is listed as the **servicer** for **NOMURA CREDIT CAPITAL INC.** However, the entity listed on the proof of claim is **not** listed at all. Please see "Fictitious Entity" in this complaint.

Also noteworthy is if an assignment was processed using loan number 1001022-9903728000-8 in 2014, why is the Defendant seeking proceeds on their proof of claim utilizing account loan number **0534630579**? The latter loan number **DOES NOT** appear on the Assignment of Mortgage, a copy of the Mortgage or Note.

If the Defendants had a legitimate claim, then why were various loan account numbers used although first concealed in the Bankruptcy proceeding?

WELLS FARGO BANK, N.A.

The Defendant (Wells Fargo Bank, N.A.) has a history of FRAUDULENT banking practices. In a press release dated *Friday February 21, 2020 Wells Fargo Agrees to Pay $3 Billion to Resolve Criminal and Civil Investigations into Sales Practices involving the Opening of Millions of Accounts without Customer Authorization. It's a Settlement of Civil Claims under FIRREA and Resolution of SEC Proceedings.*

The Agreement with the Department of Justice says, Wells Fargo Bank "created false records or misusing customers identities", Wells Fargo admitted that it collected millions of dollars in fees and interest to which the Company was not entitled, harmed the credit ratings of certain customers and unlawfully misused customers sensitive personal information, including customers means of identification, "Tolerating fraudulent conduct that is remarkable both for its duration and scope, and for its blatant disregard of customer's private information", "deliberately falsify and fabricate bank records in order to deceive regulators and the public", "Creation of false bank records".

The Foreclosure and the Proof of Claim is Fraudulent. I **DID NOT** initiate a mortgage or promise to pay back a loan I **DID NOT** open. I was duped by my attorney (Jon B. Felice, Esq and Julio E. Portilla, Esq) to believing that I owned this debt and I attempted to negotiate the amount through Mr. Felice.

HSBC BANK USA, NATIONAL ASSOCIATION:

The Defendant (HSBC Bank USA, N.A.) have a FRAUDULENT history. According to a press release dated *Friday February 5, 2016 Justice Department Reaches $470 Million Joint State-Federal Settlement with HSBC to Address Mortgage Loan Origination, Servicing and Foreclosure abuses.* The press release says,

"the U.S. Trustee Program will continue to combat mortgage servicer abuse of the federal bankruptcy laws so that homeowners are given their legal right to try to save their homes", "Homeowners in financial distress sometimes depend on **chapter 13 bankruptcy** to help them catch up on their payments. When banks **violate bankruptcy laws** at the expense of homeowners and other creditors, **they must pay a price**. This settlement holds **HSBC** accountable for its actions and helps to protect the most vulnerable homeowners."
I filed Bankruptcy in July 19, 2019 due to this Fraudulent Foreclosure (Index 810093/2010) and fighting for my Bankruptcy rights in defense of the fraudulent Proof of Claim HSBC Bank USA, N.A. made this agreement in 2016 and Wells Fargo Bank, N.A. in 2020 and they are still practicing fraud on the federal level, Case No. 19-12337.

**PLEASE SEE EXHIBIT 9**

## WELLS FARGO BANK, N.A. COURT PAPERS
## MISREPRESENTATION

The Defendant Wells Fargo Bank, N.A. was **NEVER** the plaintiff in foreclosure action Index 810093/2010.  In a letter dated AUGUST 15, 2019, Wells Fargo Home Mortgage (Defendant) claims to be "servicer" of an account.

Wells Fargo Bank, N.A. **MISREPRESENTED** and **FRAUDULENTLY** filed a court document against the property on September 3, 2015 claiming to be the **Plaintiff** in this foreclosure action Index 810093/10 as it pertains to a <u>Consent to Change Attorney</u>.

The <u>ONLY</u> Plaintiff attached to this index (810093/10) number is,

 HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR NAAC MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-1,

When you compare a copy of the Foreclosure action Index 810093/10 stamped **November 23, 2010** with the **UNNOTARIZED** page court stamped SEPTEMBER 3, 2015 in exhibit 10.   It is clear Wells Fargo Bank, N. A. **NEVER** was the Plaintiff in the civil action, is **NOT** a Secured Creditor, because the entity attached to this index (810093/10) is a **FICTICIOUS** entity and therefore Wells Fargo Bank, N.A. (Defendant) could NOT agree to anything under this index number (810093/10) such as a Consent to Change Attorney. Please see section **"Fictitious Entity"** in this complaint.

Wells Fargo Bank, N.A. **CANNOT** be "Servicer" of an entity that <u>DOES NOT EXIST</u>. The Defendant Wells Fargo Bank, N.A. **DID NOT** have the authority to **CONSENT TO CHANGE ATTORNEYS**, to WOODS OVIATT GILMAN, LLP, because Wells Fargo Bank, N.A. is **not** listed as Plaintiff.

The law firm <u>WOOD OVIATT GILMAN, LLP</u> **DID NOT** receive proper permission from the Plaintiff to act in a legal capacity in state and federal court, since Wells Fargo Bank, N.A. was never the plaintiff, never the secured creditor, nor the servicer of this entity listed in the proof of claim.

I respectfully request that <u>all</u> the *Judgments*, *Orders*, *Motions*, *Objections* and *Responses* officiated by this law firm (Woods Ovaitt Gilman, LLP) should be **STRIKEN** and the proof of claim **DISALLOWED** because it was *FRAUDULENT*.  Defendants interfered and impaired homeowner's rights and interest in the property and this Bankruptcy proceeding.


**PLEASE SEE EXHIBIT 10**

## JUDICIAL ABUSE AND FALSE FILINGS
## LAW FIRM WOOD OVAITT GILMAN, LLP

On AUGUST 27, 2019, docket # 11 Case No. 19-12337, the Defendant (HSBC Bank USA) filed a proof of claim. One of the documents attached to the proof of claim was a copy of the note. On the last page of the note there was one stamp referencing the Defendant HSBC Bank USA.

Subsequent filings by the Defendant, Response to Motion Objection to Claim, docket 42 Case No. 19-12337 filed DECEMBER 3, 2019. Objection to Confirmation of Plan, docket # 47, Case No. 19-12337 Filed DECEMBER 4, 2019 and Objection to and Motion to Quash Subpoena docket 62, Case No. 19-12337 filed JANUARY 16, 2020.

All reflected a copy of the note with a second stamp dated JANUARY 20, 2017. These are **FALSE** filings and the document was **ALTERED** after AUGUST 27, 2019 by the Defendant (HSBC). The second stamp dated JANUARY 20, 2017 **DID NOT** appear on a copy of the note the Defendant (HSBC) filed on AUGUST 27, 2017, docket #11 Case No. 19-12337.

It appears the same false document was filed by the Defendant (HSBC) on JANUARY 24, 2020, docket #35 Case No. 19-01369.

The attorney listed who appears to have signed the second stamp and **FRAUDULENTLY** dated the document JANUARY 20, 2017, a **Kathryn E. Assini, Esq** is an attorney listed with the Law Firm Woods Oviatt Gilman, LLP.


**PLEASE SEE EXHIBIT 11**

# FAIR DEBT COLLECTION PRACTICES ACT
## 2 15 U.S. CODE SECTION 169
## (FDCPA)

1. The Defendant Wells Fargo Home Mortgage continues to mail monthly mortgage bills to my residence in violation of 15 U.S.U Section 1692b.

2. The Defendant Wells Fargo Bank, N.A., Wells Fargo Home Mortgage and HSBC Bank USA, N.A. filed Objections to Claim, Motion to Dismiss, Responses, Objections to Confirmation, Motion to Quash Subpoena filing fraudulent and false information, in violation of 15 U.S.C. Section 1692e

3. The Defendant Wells Fargo Bank, N.A., Wells Fargo Home Mortgage and HSBC Bank USA, N.A. engage in false and misleading representations when it filed the Proof of Claim in violation of 15 U.S.C Section 1692e.

4. The Law Firm, Woods Ovaitt Gilman, LLP filed Fraudulent information in violation of 15 U.S.C. Section 1692e.

5. The Law Firm Woods Oviatt Gilman, LLP by its court tactic in failing to serve the Plaintiff the Amended Motion to Dismiss, docket #8 dated NOVEMBER 20, 2019, CASE #19-01369 violated 15 U.S.C. Section 1692f.

6. (Fraud and Deceit) The Defendants scheme obstructs justice by corruptly influencing, obstructing, and impeding and endeavoring to influence, obstruct, and impede the due administration of justice in fraudulent foreclosure lawsuits filed and litigated in the United States Courts, violating Tile 18, U.S. C Section 1503.

7. (False Oaths) Defendants made false material declarations under oath in proceedings before and ancillary to courts of the United State in violation of 18 U.S.C Section 1623(a).

8. Pursuant to 12 U.S.C Section 2605 a Lender shall notify the borrower in writing of any sale, transfer or assignment of the mortgage within 15 days of the assignment. Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage assigned a mortgage in 2014 with notification. Plaintiff never received notification.

9. Defendants (HSBC,WFB and Wells Fargo Home Mortgage) violated FDCPA section 812 by creating the false belief in Plaintiff as consumers of mortgage products that a debt was owed to an entity when in fact that entity was not owed money, Section 1692e and 1692j by filing complaints and serving other forms falsely indicating a party is owed a debt that is not the real party in interest.

CASE NO. 19-12337 ADVERSARY COMPLAINT

10. Plaintiff demands damages under the FDCPA 15 U.S.C Section 1692K providing for civil liability and damages against any debt collector who fails to comply with any provision.

11. The Defendant Wells Fargo Home Mortgage in a letter dated SEPTEMBER 19, 2019 states "As the date of this letter, your account is currently due for your March 1, 2008" in violation of 15 U.S.C Section 1692b and 1692(e)(2a).

12. The Defendant Wells Fargo Home Mortgage violated 15 U.S.C Section 1692g when it failed to provide information in response to my Qualified Written Request regarding the debt.

13. The Defendants Wells Fargo Home Mortgage, Wells Fargo Bank, N.A. and HSBC Bank USA, N.A. by failing to comply with the laws as it pertains to the Qualified Written Request, the Defendants violated the amendments of the Consumer Financial Protection Bureau, Title X of Dodd-Frank Act, Regulation Z, and 12 U.S.C Section 6 of the Real Estate Settlement Procedures Act (2605), 15 U.S.C Section 1641 of the Truth in Lending Act. Section 6 of RESPA and pursuant to Section 1641(f) through (g) of the Truth in Lending Act.

## CONCLUSION

The Defendants have pursued me in court for *12 years* using the same illegal tactics, setting up a fictitious Plaintiff and filing fraudulent information to steal my money and property. The Defendants commenced two *simultaneous* foreclosure actions on my home. They almost attained selling my home by publishing and scheduling an auction on July 24, 2019.

The Defendants caused me a great deal of mention anguish, emotional distress, pain, suffering and loss of income. The Defendants actions negatively efforted my credit rating, employment opportunities and reputation.

They commenced a foreclosure action in 2008 (Index 109372/08), a foreclosure action in 2010 (Index 810093/10) and *relentlessly* pursued me in this Bankruptcy proceeding Case No. 19-12337 and Case No. 19-01369 (Dismissed Adversary Complaint)

I Petition the court for Justice and that the Defendants be punished for the _numerous_ false and fraudulent filings they perpetrated against me and this court.

I Petition the Court to _DISALLOW_ Defendants Proof of Claim (#2)

AND

I request damages in the amount $100,000,000.00

Respectfully Submitted,

_____

Laverne Leonard                                          Dated JULY 2, 2020
Plaintiff
130 West 131st Street, #1
New York, New York 10027
Telephone:1- 917-385-6464
Fax: 1-917-398-1090
Email: LaverneLeonard@hotmail.com
Case No. 19-12337 – Adversary Complaint
Total Pages 1-249
Exhibits 1-11
**CERTIFICATE OF SERVICE:** Pages 250-258

To:
Brittany J. Maxon, Esq.
Attorney at Law
Woods Ovaitt Gilman, LLP
500 Bausch & Lomb Place
Rochester, New York 14604
Telephone: 855-227-5072
Email: bkinbox@woodsoviatt.com